MEMORANDUM OPINION
{¶ 1} Appellant, Darren M. Yates, has moved this court for leave to submit a delayed appeal from his criminal conviction for burglary. As the primary grounds for this motion, appellant essentially contends that the two-year delay in the filing of his notice of appeal in this matter was justified because he was denied his right to effective assistance of counsel during the period immediately following his conviction.
 {¶ 2} Our review of appellant's notice of appeal, which he filed in conjunction with his motion for delayed appeal, indicates that the Ashtabula County Court of Common Pleas issued the sentencing judgment in his underlying criminal action on May 31, 2002. As part of this judgment, the trial court stated that a jury had previously found appellant guilty of burglary, a second-degree felony. For his sentence, the trial court ordered him to serve certain community sanctions, including a two-year term of "basic supervision" under the control of the Ashtabula County Adult Probation Office. In addition, the court ordered him to immediately begin a six-month program at a local rehabilitation facility.
 {¶ 3} According to appellant, on the date his sentence was imposed, his trial attorney expressly told appellant that he would file a timely appeal from the sentencing judgment. However, since appellant was required to begin the rehabilitation program immediately, he was unable to contact his attorney over the next few months to verify that an appeal had been initiated. When appellant was subsequently released from the program on October 29, 2002, he then learned that a notice of appeal had never been filed in his behalf.
 {¶ 4} Appellant further asserts in his motion for leave that, as of October 2002, he was not aware that he could bring a delayed appeal from his conviction. As a result, he did not take any steps to protect his rights at that time. Instead, appellant did not submit his motion for leave until approximately eighteen months later when he was informed by a fellow prisoner of the procedure under App.R. 5.
 {¶ 5} Pursuant to App.R. 5(A), an appellate court can grant a criminal defendant leave to file a delayed appeal from his conviction when he has failed to submit a timely notice of appeal. This rule expressly provides that, in order to establish proper cause for the granting of leave, the defendant must delineate the specific reasons why he was unable to bring a timely appeal. In considering this requirement, this court has previously held that leave to file a delayed appeal should be granted only when the defendant can state a legitimate explanation for: (1) failing to file a notice of appeal within thirty days of the date of the sentencing judgment; and (2) failing to submit the motion for leave within a reasonable time following the termination of the thirty-day appeal period. Statev. Binion (Dec. 13, 2002), 11th Dist. No. 2002-T-0093.
 {¶ 6} As part of our analysis in Binion, this court had the opportunity to discuss our prior precedent regarding App.R. 5(A), and then apply that precedent to the facts of that particular case. Specifically, we stated in Binion:
 {¶ 7} "In State v. Pruitt (Jan. 11, 2002), 11th Dist. No. 2001-T-0121, the defendant moved for leave on the basis that, at the time of his conviction, his trial counsel had not told him that he had the right to appeal a bindover decision which had been rendered earlier in the underlying case. Upon reviewing our prior case law concerning App.R. 5(A), this court held that the defendant had not stated a valid reason to warrant the granting of leave for a delayed appeal:
 {¶ 8} "`In the instant matter, this court would readily agree that the failure of trial counsel to inform [the defendant] of his appellate rights following his conviction does state a sufficient reason for failing to file a timely notice of appeal. However, this reason is insufficient to state why [the defendant] waited approximately three years to submit his motion for leave to appeal. * * * [The defendant] had an obligation to attempt to protect his rights if he thought an error had occurred in the bindover proceeding. In his motion for leave, [the defendant] has not referred to any steps he took during the three-year period to seek any advice concerning his appellate rights.' Id. at 3-4.
 {¶ 9} "The Pruitt analysis is clearly applicable to the facts of the instant case. Although the fact that no reference to the right to appeal was made during the sentencing hearing might explain why [the defendant] did not file a timely notice of appeal, it does not constitute a proper explanation as to why [the defendant] waited approximately two years to submit his first motion for leave to file a delayed appeal. Pursuant toPruitt, even if a defendant is not informed of his right to appeal at the time of his conviction, he still has an obligation to take steps to protect his rights within a reasonable time period. Stated differently, if a defendant believes, in the months following his conviction, that an error occurred in the trial proceedings, he has the burden to either research the matter himself or obtain a new attorney to represent him. In the instant case, [the defendant] has not alleged that he took any steps in the months following his conviction to discover whether he could contest his conviction; as a result, he has failed to state a valid reason for waiting two years to request leave to appeal." Id. at ¶ 6-8.
 {¶ 10} In applying the Pruitt and Binion precedent to the facts of the present motion for leave, this court would first note that appellant has set forth a legitimate explanation as to why a timely notice of appeal was not filed; i.e., it was reasonable for appellant to rely upon the assertion of his trial counsel that an appeal would be taken. Furthermore, the fact that appellant was held in the rehabilitation facility for approximately five months is a valid explanation concerning why he was unable to check on the status of the proposed appeal until October 2002.
 {¶ 11} However, in regard to the second requirement for leave to file a delayed appeal, appellant has failed to provide a valid reason as to why his present motion for leave was not submitted until approximately eighteen months after he had discovered the error of his trial counsel. That is, the fact that appellant, as a pro se litigant, was not aware of App.R. 5(A) in November 2002 is not a legitimate explanation for failing to submit a motion for leave within a reasonable time period. Consistent withPruitt and Binion, a pro se litigant cannot "sit" on his rights for a substantial period and then submit a motion for leave when he, by chance, happens to learn of the procedure under App. R. 5(A). Instead, if the pro se litigant believes that an error occurred in his underlying criminal case, he has a duty to take the necessary steps to determine the extent of his rights within a reasonable period, either by researching the matter himself or by hiring a new attorney. In this instance, appellant has essentially admitted in his motion that he did not take any steps for approximately eighteen months to see whether any alternative remedies existed for the failure to submit a timely appeal.
 {¶ 12} In light of the foregoing discussion, this court concludes that the assertions in appellant's motion for leave are insufficient to satisfy the requirements of App.R. 5(A). Accordingly, it is the order of this court that appellant's motion for leave to file a delayed appeal is overruled, and this appeal is hereby sua sponte dismissed.
O'Neill, J. and Rice, J., concur.