MEMORANDUM OPINION
{¶ 1} Appellant, Brian C. Rini, has moved this court for leave to bring a delayed appeal from a final judgment of the Lake County Court of Common Pleas, rendered on October 9, 2002. In that judgment, the trial court indicated that appellant had previously entered a guilty plea to a single count of child endangerment. The court then sentenced him to a definite term of three years in a state prison.
 {¶ 2} As the sole basis for his present request for leave, appellant asserts that, at the time of his conviction in October 2002, he was unaware of the status of certain statutory and case law which would have been relevant to the validity of his conviction. Appellant further asserts that the application of this statutory and case law to the facts of his action would have resulted in the reversal of his conviction. In light of this, he contends that, had he been aware of the relevant law immediately after the completion of the trial proceedings, he would have filed a timely notice of appeal from the judgment in question.
 {¶ 3} App.R. 5(A)(1) provides that, once the thirty-day period for filing an appeal as of right from a criminal conviction has expired, a criminal defendant can only pursue an appeal if he is granted leave by the appellate court. App.R. 5(A)(2) then states that, in moving for leave to bring a delayed appeal, the defendant must expressly delineate the reasons why he failed to submit a timely notice of appeal.
 {¶ 4} In construing the foregoing requirement of the rule, this court has held that a proper motion for leave must address two specific issues. First, the defendant must give a legitimate explanation in regard to why he failed to file his notice of appeal in a timely manner under App.R. 4(A). Second, he must provide a legitimate explanation as to why he did not submit his motion for leave within a reasonable time after the end of the thirty-day period for bringing a timely appeal. See State v.Binion (Dec. 13, 2002), 11th Dist. No. 2002-T-0093.
 {¶ 5} In relation to the need to submit the motion for leave within a reasonable time, this court has concluded that a legitimate excuse is especially necessary when the delay in moving for leave to appeal is approximately two years. For example, in Binion, the motion for leave only stated that a timely appeal had not been submitted because the defendant was never told at his sentencing hearing before the trial court that he had a right to appeal. In holding that leave to file a delayed appeal was not warranted in that instance, the Binion court emphasized that, although the defendant's motion had stated a proper reason for not filing a timely notice of appeal directly after the issuance of the sentencing judgment, it did not state a legitimate justification for the two-year delay in the submission of the motion. In support of its analysis, theBinion court stated:
 {¶ 6} "* * * [E]ven if a defendant is not informed of his right to appeal at the time of his conviction, he still has an obligation to take steps to protect his rights within a reasonable time period. Stated differently, if a defendant believes, in the months following his conviction, that an error occurred in the trial proceedings, he has the burden to either research the matter himself or obtain a new attorney to represent him. In the instant case, [the defendant] has not alleged that he took any steps in the months following his conviction to discover whether he could contest his conviction, * * *." Id., at p. 4.
 {¶ 7} A similar analysis was followed in State v. Yates, 11th Dist. No. 2004-A-0028, 2004-Ohio-4864. In that case, the defendant alleged in his motion for leave that, at the time he was told that his trial counsel had failed to file a timely notice of appeal, he was not aware that it was possible to bring a delayed appeal under App.R. 5(A). The Yates
defendant further asserted that, when he eventually learned of the procedure for a delayed appeal approximately eighteen months later, he immediately filed his motion for leave. In again concluding that a proper reason had not been given for the delay in submitting the motion for leave, the Yates court stated:
 {¶ 8} "* * * [T]he fact that [the defendant], as a pro se litigant, was not aware of App.R. 5(A) in November 2002 is not a legitimate explanation for failing to submit a motion for leave within a reasonable time period. Consistent with * * * Binion, a pro se litigant cannot `sit' on his rights for a substantial period and then submit a motion for leave when he, by chance, happens to learn of the procedure under App.R.5(A). Instead, if the pro se litigant believes that an error occurred in his underlying criminal case, he has a duty to take the necessary steps to determine the extent of his rights within a reasonable period, either by researching the matter himself or by hiring a new attorney. In this instance, [the defendant] has essentially admitted in his motion that he did not take any steps for approximately eighteen months to see whether any alternative remedies existed for the failure to submit a timely appeal." Id. at ¶ 11.
 {¶ 9} As was noted above, appellant's present motion for leave is based upon the sole assertion that he did not bring a timely appeal of his conviction because, at that time, he was not familiar with the substantive law which would be pertinent to the merits of his case. Obviously, this assertion would be sufficient to explain why appellant did not comply with the thirty-day requirement for a timely appeal. However, in light of the foregoing precedent, appellant's assertion is insufficient to explain the two-year delay in learning what his rights were under the substantive law. In order to satisfy the general requirement for a delayed appeal under App.R. 5(A), a defendant cannot wait to protect his rights until he just happens to learn of the status of the relevant statutory and case law; instead, he must take affirmative steps immediately after his conviction to learn of his rights so that he can submit his motion for leave within a reasonable time. Under his present motion, appellant has not alleged that he took any steps to protect his rights in this matter until approximately two years following his conviction. Thus, since appellant did not act diligently in bring his delayed appeal within a reasonable time, he has failed to state a legitimate reason to warrant the granting of leave to appeal.
 {¶ 10} Pursuant to the foregoing analysis, appellant's motion for leave to bring a delayed appeal is overruled. Accordingly, it is the order of this court that the instant appeal is hereby dismissed.
Grendell, J., Rice, J., concur.