MEMORANDUM OPINION
{¶ 1} Appellant, Trevor P. Coulter, has now moved this court for leave to file a delayed appeal from his criminal conviction in the Trumbull County Court of Common Pleas. As the primary grounds for his motion, appellant maintains that, at the time his sentence was imposed in January 2004, he was never informed by either the trial court or his counsel that he had a right to bring a direct appeal from his conviction. For the following reasons, this court holds that he has failed to state a sufficient explanation why he did not initiate this appeal in a timelier manner.
 {¶ 2} On November 25, 2003, appellant entered a plea of guilty to one count of trafficking in cocaine and one count of possession of cocaine. After accepting the plea, the trial court sentenced him to consecutive prison terms of three years and one year on the respective counts. The court's sentencing judgment was rendered on January 27, 2004. Accordingly, since appellant filed his present motion for leave on December 7, 2005, approximately twenty-two months elapsed between the filing of the appealed judgment and the initiation of this appeal.
 {¶ 3} App.R. 5(A) provides that if a criminal defendant fails to file a timely notice of appeal from his conviction, he can only maintain an appeal when he is granted leave from the appellate court to file a delayed appeal. The rule further states that, in moving for leave to appeal, the defendant must delineate the reasons why he was unable to file a timely appeal as of right. In applying the requirements of App.R. 5(A) in prior appeals, this court has indicated that a defendant must address two specific questions in order to show proper cause for the granting of leave:
 {¶ 4} "First, the defendant must give a legitimate explanation in regard to why he failed to file his notice of appeal in a timely manner under App.R. 4(A). Second, he must provide a legitimate explanation as to why he did not submit his motion for leave within a reasonable time after the end of the thirty-day period for bringing a timely appeal. See State v.Binion (Dec. 13, 2002), 11th Dist. No. 2002-T-0093." State v.Rini, 11th Dist. No. 2004-L-199, 2005-Ohio-936, at ¶ 4.
 {¶ 5} In the instant case, the basic assertions in appellant's motion for leave are readily sufficient to satisfy the first prong of the Rini test; i.e., the fact that appellant was not told of his right to appeal at the time of his conviction constitutes a valid reason for not filing a timely notice of appeal. However, as to the second prong of Rini, appellant has not attempted to provide any explanation concerning why approximately twenty-two months elapsed before he tried to bring a delayed appeal. Essentially, he states that he filed his motion for leave at this time because he had just became aware of new case law which might be applicable to his conviction.
 {¶ 6} In considering delays similar in length to the one in the instant case, this court has indicated that a defendant's basic ignorance of the law can only be used as a justification for relatively short delays in the filing of a delayed appeal. For example, in Binion, the motion for leave was not submitted until approximately two years after the conviction. In holding that leave to appeal should not be granted, the court stated:
 {¶ 7} "* * * Even if a defendant is not informed of his right to appeal at the time of his conviction, he still has an obligation to take steps to protect his rights within a reasonable time period. Stated differently, if a defendant believes, in the months following his conviction, that an error occurred in the trial proceedings, he had the burden to either research the matter himself or obtain a new attorney to represent him. In the instant case, [the defendant] has not alleged that he took any steps in the months following his conviction to discover whether he could contest his conviction, * * *." Binion, 11th Dist. No. 2002-T-0093 at 4.
 {¶ 8} This court employed an identical analysis in Rini, a case which also involved a delay of two-years:
 {¶ 9} "* * * [The defendant's] present motion for leave is based upon the sole assertion that he did not bring a timely appeal of is conviction because, at that time, he was not familiar with the substantive law which would be pertinent to the merits of his case. Obviously, this assertion would be sufficient to explain why [he] did not comply with the thirty-day requirement for a timely appeal. However, in light of the foregoing precedent, [the defendant's] assertion is insufficient to explain the two-year delay in learning what his rights were under the substantive law. In order to satisfy the general requirement for a delayed appeal under App.R. 5(A), a defendant cannot wait to protect his rights until he just happens to learn of the status of the relevant statutory and case law; instead, he must take affirmative steps immediately after his conviction to learn of his rights so that he can submit his motion for leave within a reasonable time." Rini, 2005-Ohio-936, at ¶ 9.
 {¶ 10} In moving for leave in the present case, appellant has not alleged that he took any affirmative steps immediately after his conviction to determine if any errors had occurred in the underlying case and if he had the ability to appeal the errors. Instead, it would appear that appellant took no steps to protect his rights until he happened to hear of new case law which might apply to his case. As a result, appellant has failed to state any valid justification for the twenty-two month delay. Furthermore, since the difference between a two-year delay, as in Rini, and a twenty-two month delay is negligible, this court holds that the instant motion for leave was not submitted within a reasonable time following his conviction. Therefore, since appellant has not satisfied the second prong of the Rini test, he has failed to establish proper cause warranting the granting of leave.
 {¶ 11} Pursuant to the foregoing analysis, appellant's motion for leave to file a delayed appeal is overruled. It is the order of this court that the instant appeal is hereby dismissed.
Ford, P.J., Rice, J., concur.