[Cite as *State v. Floyd*, 2014-Ohio-1676.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0097** |
| MARQUESE J. FLOYD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2010 CR 00135.

Judgment: Appeal dismissed.


*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Marquese J. Floyd*, pro se, PID: 641-237, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).


DIANE V. GRENDELL, J.,

{¶1} This matter is before this court on the pro se motion of Marquese J. Floyd for leave to file a delayed appeal pursuant to App.R. 5(A). Along with his motion, Floyd filed his notice of appeal on September 20, 2013. The state of Ohio filed a response in opposition to the motion on September 24, 2013.

{¶2} Floyd is attempting to appeal the April 15, 2013 judgment issued by the Trumbull County Court of Common Pleas, following a guilty plea, sentencing him to

serve 22 years in prison for two counts of aggravated murder with firearm specifications, one count of aggravated burglary with a firearm specification, and one count of tampering with evidence. Thus, Floyd filed his notice of appeal over four months past the 30-day filing deadline in App.R. 4(A).

{¶3} App R. 5(A) provides, in relevant part and with emphasis added:

(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in * * * [c]riminal proceedings * * *.

(2) A motion for leave to appeal shall be filed with the court of appeals and *shall set forth the reasons for the failure of the appellant to perfect an appeal as of right.* Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals.

{¶4} The requirement of setting forth a valid reason for failing to perfect a timely appeal is necessary for this court to grant leave to allow a delayed appeal. Where the movant fails to set forth a valid reason, this court is "without discretion to allow a delayed appeal[.]" *State v. Bell*, 11th Dist. Trumbull No. 2010-T-0089, 2010-Ohio-4693, ¶10.

In construing the foregoing requirement of the rule, this court has held that a proper motion for leave must address two specific issues. First, the defendant must give a legitimate explanation in regard to why he failed to file his notice of appeal in a timely manner under App.R. 4(A). Second, he must provide a legitimate explanation as to why he did not submit his motion for leave within a reasonable time after the end of the thirty-day period for bringing a timely appeal.

*State v. Rini*, 11th Dist. Lake No. 2004-L-199, 2005-Ohio-936, ¶4 (citation omitted).

{¶5} In his motion, Floyd asserts that his appeal is untimely because he "was not fully advised of his appeal rights in open court nor in the court's sentencing journal

2

entry [sic]." Appellant further states he did not receive his sentencing journal entry until "after receiving a notice from the Court to pay court cost of the prosecution [sic]."

{¶6} The state argues that, by signing his written plea of guilty, Floyd affirmed that both his attorney and the trial court explained his right to appeal a maximum sentence, other limited appellate rights, and that any appeal must be filed within 30 days of the court's entry of the judgment. Thus, the state argues, Floyd's excuse is without merit.

{¶7} A review of the written plea of guilty establishes that Floyd did not entirely waive his right to appeal but, instead, waived the right only as it relates to issues that may have been raised at trial. Floyd acknowledged that "I must file an appeal within thirty (30) days of my sentence." Thus, Floyd was properly advised regarding his right to appeal.

{¶8} Further, Floyd does not provide the date on which he received the sentencing journal entry or the notice to pay court costs. Floyd does not provide any explanation as to why either of these two events prevented him from diligently asserting his appellate rights.

{¶9} The fact that Floyd's appeal is untimely by only four months means nothing in the absence of a valid excuse for the delay in filing. In such circumstances, even a delay of one month does not merit the allowance of a delayed appeal. *See Bell*, *supra*, ¶10-11. It is evident that Floyd was not diligent in taking the proper steps to protect his rights. As such, we find that Floyd has not provided this court with reasons to adequately justify waiting that length of time to initiate a direct appeal, as required by App.R. 5(A). Floyd's motion for leave to file a delayed appeal is hereby overruled.

3

**{¶10}** Appeal dismissed.

THOMAS R. WRIGHT, J., concurs,

TIMOTHY P. CANNON, P.J., dissents.