[Cite as *State v. Abram*, 2020-Ohio-72.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-141** |
| ELLERY B. ABRAM, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2017 CR 000743.

Judgment: Appeal dismissed.


*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Ellery B. Abram,* pro se, PID# A752-167, Trumbull Correctional Institution, TCC, 5701 Burnett Road, P.O. Box 640, Leavittsburg, OH 44430 (Defendant-Appellant).


MATT LYNCH, J.

{¶1} Appellant, Ellery B. Abram, pro se, filed a motion for leave to file a delayed appeal, pursuant to App.R. 5(A), on November 19, 2019, and a notice of appeal on November 18, 2019.

{¶2} Appellant appeals the trial court's June 20, 2018 judgment entry sentencing him to serve an aggregate prison term of four years after he entered a plea

of guilty to trafficking in cocaine, trafficking in heroin, possession of cocaine, aggravated possession of drugs, and having weapons while under disability.

{¶3} A timely notice of appeal was due no later than July 20, 2018. Thus, the appeal is untimely by almost sixteen months.

{¶4} Appellee, the state of Ohio, filed a response in opposition to the motion for delayed appeal on November 22, 2019.

{¶5} App.R. 4(A)(1) states in relevant part:

{¶6} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶7} App.R. 5(A) provides:

{¶8} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶9} "(a) Criminal proceedings; * * *

{¶10} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶11} In applying App.R. 5(A), this court has stated that an appellant must provide a legitimate explanation as to why he failed to file a timely appeal and a legitimate explanation as to why he did not file a motion for leave to appeal within a

2

reasonable time period after the appeal time had expired. *State v. Rini*, 11th Dist. Lake No. 2004-L-199, 2005-Ohio-936, ¶ 4.

{¶12} Appellant indicates in the motion that neither the trial court nor his trial counsel advised him of his appellate rights as his reason for filing an untimely appeal. Appellant does not explain why it took him almost 16 months to file an App.R. 5(A) motion.

{¶13} Appellee argues that the reason is unsupported and references page two of the April 3, 2018 "Written Plea of Guilty and Judgment Entry," signed by appellant, which states in relevant part: "[m]y attorney has explained my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of the Court's entry of the judgment of my sentence." We agree.

{¶14} Appellant's motion does not satisfy App.R. 5(A) because it fails to set forth a valid reason for filing the appeal beyond the thirty-day time period in App.R. 4(A)(1). Thus, it is overruled.

{¶15} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.