[Cite as *State v. Gunther*, 2022-Ohio-2001.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- v -

WILLIAM KEITH GUNTHER, JR.,

      Defendant-Appellant.

CASE NO. 2022-T-0038

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2007 CR 00055

# **M E M O R A N D U M**
# **O P I N I O N**

Decided: June 13, 2022
Judgment: Appeal dismissed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*William Keith Gunther, Jr.,* PID# A543-240, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, OH 43301 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} On April 28, 2022, appellant, pro se, filed a notice of appeal and motion for leave to file a delayed appeal. Appellant appeals from the trial court's March 4, 2008 entry which sentenced him to serve ten to twenty-five years in prison, plus three years for the firearm specification, after he entered a guilty plea to involuntary manslaughter.

{¶2} The appeal is untimely filed by over fourteen years.

{¶3} Appellee filed a response in opposition to the motion on April 29, 2022.

{¶4} App.R. 5(A) provides, in relevant part:

{¶5} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶6} "(a) Criminal proceedings; * * *

{¶7} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * *."

{¶8} As reasons for filing an untimely appeal, appellant indicates that the trial court improperly informed him that he would be waiving his appellate rights by entering a guilty plea, and the court failed to inform him of his limited appellate rights and that he had thirty days to file a notice of appeal. Appellant contends that a fellow inmate law clerk informed him that he may pursue an appeal by filing a motion for delayed appeal.

{¶9} The state argues that appellant's signed plea agreement clearly indicates that he was notified that upon his conviction he had a right to appeal and that he would be waiving those rights. Further, the transcript attached to appellant's motion (Exhibit B) confirms that the trial court informed appellant that if convicted at trial he would have an automatic right to appeal and for appointment of counsel, and he chose to waive those rights by entering a plea agreement. (Exhibit B, pg. 4-5).

{¶10} A review of appellant's written plea of guilty reflects that he was advised of his right to have appointed counsel and his right to appeal upon conviction after a trial. As to appellant's argument that the trial court failed to advise of his limited appellate rights at sentencing, "[c]ourts have held that '[w]here a defendant has been convicted following a guilty or no contest plea, the court is not constitutionally required to advise the defendant

2

of his appeal rights.'" *State v. Chase,* 11th Dist. Lake Nos. 2020-L-070, 2020-L-071, 2021-Ohio-1006, ¶ 32. As this court stated in *State v. Rini*, 11th Dist. Lake No. 2004-L-199, 2005-Ohio-936, ¶ 6, even if appellant was not advised of his appellate rights when he should have been, he was still obligated to take the proper steps to protect his rights within a reasonable time.

{¶11} Appellant's motion does not set forth a valid reason for his failure to timely perfect his appeal. In the absence of a legitimate explanation for an over fourteen-year delay, appellant has not met the requirements of App.R. 5(A).

{¶12} Thus, it is ordered that appellant's motion for leave to file a delayed appeal is hereby overruled, and the appeal is dismissed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

3