OPINION
{¶ 1} Defendant-appellant, Thomas E. Johnson, Jr., appeals his sentence by the Madison County Court of Common Pleas arising from a guilty plea. Appellant argues that the six and one-half year delay between his guilty plea and sentencing divested the trial court of jurisdiction to sentence him.
 {¶ 2} On October 31, 1995, appellant pled guilty to one count of aiding and abetting cocaine aggravated trafficking and three counts of cocaine aggravated trafficking (all third-degree felonies). Sentencing was scheduled for December 15, 1995. On December 15, 1995 and again on December 18, 1995, appellant failed to appear for sentencing, his bond was revoked, and a capias was issued for his arrest. On December 21, 1995, appellant was arrested in Kentucky on unrelated drug charges. He was subsequently tried and convicted in Kentucky on those charges and sentenced to ten years in prison. Appellant was released after serving approximately seven years of the ten-year sentence.
 {¶ 3} In March 1996, the state of Ohio moved for the forfeiture of the bond, as appellant had failed to appear for sentencing. At a bond forfeiture hearing, appellant's bondsman argued that appellant's imprisonment in Kentucky excused his obligation to produce appellant. In May 1996, the trial court entered judgment against the bondsman for $2,500. We upheld the trial court's decision in State v. Johnson (Nov. 25, 1996), Madison App. No. CA96-06-025.
 {¶ 4} In June 1996, appellant sent a pro se letter to the Madison County Clerk of Courts' Office indicating that he had been charged with trafficking in Ohio in 1995 and that he wanted to get these charges off of his record, and requesting final disposition. A trial court's entry filed on June 27, 1996 states: "[Appellant] has moved for speedy trial. The State should evaluate said request, determine whether Kentucky is part of the compact, and determine what, if anything, needs to be done to accommodate [appellant's] request." The state was ordered to report to the trial court within 15 days. There is no evidence in the record that the state complied.
 {¶ 5} In January 1998, an attorney from Kentucky sent a letter on behalf of appellant to the Madison County Clerk of Courts' Office advising them that "[t]here is currently a case pending in your jurisdiction regarding the above inmate that is currently incarcerated in Kentucky[.] If we are correct, the only thing remaining is the final sentencing in this case. Would you kindly forward whatever documents you have regarding this case, or the name of the counsel that is of record for the defendant * * *. Mr. Thomas Johnson would like to have this finalized as soon as possible." The letter was file-stamped by the Clerk of Courts on both February 2 and 11, 1998. By letter dated April 13, 1998, the Clerk of Courts advised the attorney that his inquiry had been given to the Madison County Prosecutor's office.
 {¶ 6} On April 3, 1998, the Clerk of Courts received a "notice of untried indictment, information, or complaint and for right to request disposition" form signed by both appellant and Warden Thomas Dreher of the Blackburn Correctional Complex in Lexington, Kentucky. The form was submitted pursuant to the Interstate Agreement on Detainers ("IAD") and specifically requested disposition of three counts of aiding and abetting aggravated drug trafficking. An undated, unsigned, handwritten note within the Clerk of Courts' file states: "copy given to prosecuting attorney per Court Inst."
 {¶ 7} On December 12, 1998, appellant sent a pro se letter to the Clerk of Courts' Office inquiring about the status of his IAD disposition request. An unsigned handwritten note on appellant's letter indicates that a copy of the letter was given to the prosecutor's office on December 18, 1998.
 {¶ 8} On August 16, 1999, appellant filed a motion to dismiss judgment on the ground that the unreasonable delay in sentencing him had divested the trial court of jurisdiction to sentence him. Copies of the motion were sent to the Clerk of Courts and to the prosecutor's office. By entry filed August 31, 1999, the trial court ordered the state to respond to appellant's motion within 30 days. There is no evidence in the record that the state complied.
 {¶ 9} By entry filed in September 1999, the trial court ruled that "[a] demand for final disposition of a pending indictment addressed to the Clerk of Courts is insufficient to require action under R.C. 2963.30. * * * Moreover, the Court is not satisfied that [appellant] has an `untried indictment' within the meaning of the statute. Therefore, [appellant's] demand is Overruled." Appellant was not sentenced until June 2002 when he was returned to Madison County. This appeal follows in which he raises two assignments of error.
 {¶ 10} In his first assignment of error, appellant argues that the trial court erred by denying his motion to dismiss. Appellant takes issue with the trial court's failure to specifically rule upon all of the issues raised by appellant in his motion to dismiss. In his second assignment of error, appellant argues that the six and one-half year delay between his October 1995 guilty plea and his June 2002 sentence divested the trial court of jurisdiction to impose sentence. Appellant cites Crim.R. 32(A)(1), Sup.R. 39(B)(4), and State v. Brown,152 Ohio App.3d 8, 2003-Ohio-1218, in support of his argument.
 {¶ 11} We note at the outset that although appellant filed an IAD disposition request, the provisions of the IAD, as codified in R.C.2963.30, do not apply in the case at bar. The IAD is a compact among 48 states, the District of Columbia, and the United States establishing procedures by which one jurisdiction may obtain temporary custody of a prisoner incarcerated in another jurisdiction for the purpose of bringing that prisoner to trial. Cuyler v. Adams (1981), 449 U.S. 433, 435,101 S.Ct. 703, fn. 1. A reading of R.C. 2963.30 clearly indicates that the IAD only applies to "untried" indictments, informations, or complaints. See State v. Barnes (1984), 14 Ohio App.3d 351; Overbee v. State (Dec. 4, 1995), Clermont App. No. CA95-07-046. Once appellant pled guilty, his case had been tried. Id.
 {¶ 12} Likewise, we find that appellant's remedy, if any, does not lie in Sup.R. 39(B)(4). This rule states that "[p]rovided the defendant in a criminal case is available, the court shall impose sentence or hold a sentencing hearing with all parties present within fifteen days of the verdict or finding of guilt * * *. Any failure to meet this time standard shall be reported to the administrative judge, who shall take the necessary corrective action. In a single judge division, the failure shall be reported by the judge to the Court Statistical Reporting Section, which shall refer the matter to the Chief Justice for corrective action." It is well-established that Rules of Superintendence such as this one are guidelines for judges only and cannot be used by criminal defendants as a ground for discharge. State v. Tyler (1990),67 Ohio App.3d 455, 456.
 {¶ 13} Crim.R. 32(A)(1) requires that a sentence be imposed without unnecessary delay. By the same token, "the time of pronouncing sentence is within the discretion of the trial court, and a delay for a reasonable time does not invalidate the sentence." Neal v. Maxwell (1963),175 Ohio St. 201, 202. In Brown, the case relied upon by appellant, the Seventh Appellate District held that "since Neal stands for the proposition that a reasonable delay does not invalidate a sentence, we must infer that an unreasonable delay does invalidate a sentence. The appellate courts which have dealt with this issue * * * have uniformly concluded that any delay in sentencing must be reasonable in order to be valid." Brown at ¶ 20.
 {¶ 14} While Brown is factually different from the case at bar, with the exception that both defendants were incarcerated in another jurisdiction before they were eventually sentenced in Ohio, we nevertheless find that the reasoning and holding in Brown apply to the case at bar. It is undisputed that the delay in sentencing was originally and solely caused by appellant's failure to appear at his sentencing hearing and by his subsequent incarceration in Kentucky. However, upon reviewing the particular facts of this case, we find that appellant's failure to appear at his sentencing hearing does not justify the delay in sentencing him from October 1995 to June 2002.
 {¶ 15} The record shows that as early as March 1996, the state knew appellant was incarcerated in Kentucky. Beginning in June 1996, on five different occasions, including his motion to dismiss, appellant alerted the Clerk of Courts about his case and his desire to have final disposition. Each time, the state was apprised of appellant's request or inquiry either by the Clerk of Courts or by the trial court itself. Indeed, in June 1996, the trial court ordered the state to evaluate appellant's request for a final disposition, to determine what needed to be done to accommodate appellant's request, and to report to the trial court. In August 1999, the trial court ordered the state to respond to appellant's motion to dismiss. Both times, the state did nothing.
 {¶ 16} No reasons or explanations are given by the state to explain either its failure to take action once apprised of appellant's requests, or its noncompliance with the trial court's orders. The state could have resorted to traditional extradition procedures under R.C. Chapter 2963 to secure appellant's presence for a sentencing hearing. Brown at ¶ 27. Or the state could have requested a waiver from appellant of his right to be physically present at the sentencing hearing. Id. at ¶ 28. There is no explanation from the record why the state failed to explore other options to sentence appellant after he failed to appear at his December 1995 sentencing hearing.
 {¶ 17} Based upon the particular facts of this case, we find that the six and one-half years from December 1995 until June 2002 constituted an unreasonable delay in sentencing, which divested the trial court of jurisdiction to sentence appellant. Appellant's second assignment of error is accordingly well-taken and sustained. Appellant's first assignment of error is rendered moot.
 {¶ 18} We therefore reverse the trial court's June 10, 2002 sentencing entry. The trial court has no jurisdiction to render a sentence in this matter. Only appellant's sentence is reversed. Appellant's conviction in this matter will remain a part of his criminal record. Brown at ¶ 30-31.
 {¶ 19} Judgment reversed.
VALEN, P.J., and POWELL, J., concur.