[Cite as *State v. Miller*, 2012-Ohio-2132.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO.  7-11-21

     v.

KEVIN L. MILLER,                   **O P I N I O N**

     DEFENDANT-APPELLANT.


Appeal from Henry County Common Pleas Court
Trial Court No. 01CR071

Judgment Vacated

Date of Decision:  May 14, 2012


APPEARANCES:

    *Gregory L. VanGunten*  for Appellant

    *John H. Hanna*  for Appellee

**ROGERS, J.**

{¶1} Although originally placed on our accelerated calendar, we elect, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.

{¶2} Defendant-Appellant, Kevin Miller ("Miller"), appeals the judgment of the Court of Common Pleas of Henry County designating him a sexual predator under former R.C. 2950.09. On appeal, Miller argues that insufficient evidence was presented to establish that he was a sexual predator, and that the trial court's eight-year delay between the classification hearing and the judgment entry determining the sexual predator status is unconstitutional. Finding that the delay was unreasonable and that the trial court was divested of jurisdiction to enter such a finding, we reverse the judgment of the trial court.

{¶3} In December 2001, Miller pled guilty to three counts of gross sexual imposition. The State sought to classify Miller as a sexual predator. During the evidentiary hearing on the matter, the State presented no testimony but submitted a copy of the police report, a copy of the social worker's report, cards, and a rock given by Miller to the victim. Miller presented the testimony of his minister concerning the progress he had made in counseling. In February 2002, the trial court held a sentencing and sexual predator classification hearing. At the hearing, the trial court, after hearing evidence and reading the presentence investigation, ruled that Miller was a sexual predator and sentenced him to five years'

community control sanctions. Miller appealed the trial court's entry designating him a sexual predator, arguing insufficient evidence. On appeal, this court reversed and remanded for further proceedings as the trial court failed to discuss on the record the particular evidence that formed the basis of its decision as required by *State v. Eppinger*, 91 Ohio St.3d 158 (2001).

{¶4} On remand, the trial court held a second evidentiary hearing in May 2003 to determine Miller's sexual predator status. In October 2011, the trial court, sitting "[b]y [a]ssignment" evaluated the evidence introduced at the 2003 hearing and again classified Miller a sexual predator. Judgment Entry, Docket No. 25. It is from this judgment Miller appeals, asserting the following as error for our review.

### *Assignment of Error No. I*

**THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.["]**

### *Assignment of Error No. II*

**THE DELAY OF OVER EIGHT YEARS IN DECIDING THE STATUTORY CLASSIFICATION OF THIS OFFENDER VIOLATED HIS RIGHTS UNDER THE OHIO CONSTITUTION, ARTICLE I, §16.**

{¶5} As the second assignment of error is dispositive, we elect to address it first.

*Assignment of Error No. II*

**{¶6}** In his second assignment of error, Miller argues that the eight-year delay between the time of the R.C. 2950.09 sexual predator classification hearing and the judgment entry on the matter violates Crim.R. 32(A) and Art.I § 16 of the Ohio Constitution, Ohio's due process clause.

**{¶7}** We hold that the sexual predator classification is void as the trial court was divested of jurisdiction. First, the delay was unjustified, lengthy, and unreasonable. Art. I § 16 of the Ohio Constitution provides that justice shall be administered without denial or delay. Crim.R. 32(A) mandates that "sentence shall be imposed without unnecessary delay." In *Neal v. Maxwell*, the Ohio Supreme Court held that a reasonable delay in imposing sentence does not invalidate a sentence. 175 Ohio St. 201, 202 (1963). Subsequently, appellate courts have held that a delay in sentencing must be reasonable in order to be valid and that any unreasonable delay invalidates the sentence. *State v. Brown*, 152 Ohio App.3d 8, 2003-Ohio-1218 (7th Dist.); *State v. Johnson*, 12th Dist. No. CA2002-07-016, 2003-Ohio-6261 (more than six-year delay between guilty plea and sentence divested trial court of jurisdiction to sentence defendant); *Warren v. Ross*, 116 Ohio App.3d 275 (11th Dist. 1996) (without an explanation for delay, trial court lost jurisdiction to revoke defendant's driver's license as more than four years elapsed between the conviction and the order purporting to revoke the

license); *City of Willoughby v. Lukehart*, 39 Ohio App.3d 74 (11th Dist. 1987) (without a substantive reason, the trial court was divested of jurisdiction to impose sentence as a sixteen-month delay between the time of arrest and sentencing was unjustified and lengthy).

{¶8} Although this case is factually distinguishable from the foregoing, the reasoning is nonetheless instructive. In the instant case, Miller is challenging not the delay in time before the sentence was imposed, but the nearly eight-and-one-half-year delay in classifying him a sexual predator. As the trial court provided no reasonable justification for the delay on the record, we find this delay unreasonable and unjustifiable. Accordingly, the trial court was divested of jurisdiction over the matter.

{¶9} Secondly, the trial court no longer had jurisdiction to deem Miller a sexual predator in 2011 because he had completed his sentence. Once a defendant completes serving his or her sentence, the authority of the trial court terminates. *See State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, ¶ 34-37 (the trial court's authority to impose mandatory post-release control ended when defendant completed his original incarceration), citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126.

{¶10} In February 2002, Miller was sentenced to five years' community control sanctions. Miller undeniably completed serving his sentence in 2007. Four years later, when Miller was ultimately deemed a sexual predator, the trial court no longer had authority over the matter. Accordingly, we hold that the sexual predator classification is void. Ruling otherwise would condone an indefinite jurisdiction of the trial court over all matters before it, which contradicts our aspirations of an efficient and effective judiciary as well as resolving cases without unreasonable delay.

{¶11} Thirdly, the trial court lacked authority to preside over the matter and issue an entry as he was improperly assigned. Art. IV § 6(C) of the Ohio Constitution provides for the assignment of a retired judge to serve as an acting judge. The assignment is made by the chief justice or acting chief justice of the Ohio Supreme Court. Ohio Const. Art. IV § 6(C). In this case, the decision and judgment entry were signed and entered by the trial court "[b]y [a]ssignment." Docket No. 25. The record reveals, however, that there was no assignment by the Supreme Court of Ohio. Therefore, the *assigned* trial judge lacked jurisdiction over the matter due to the erroneous assignment, and the sexual predator classification is void.

{¶12} In light of the foregoing analysis, we sustain Appellant's second assignment of error.

*Assignment of Error No. I*

{¶13} In his first assignment of error, Miller argues that the evidence introduced at the second hearing failed to establish by clear and convincing evidence that he was likely to engage in future sexually oriented offenses and therefore, the trial court erred in determining that he was a sexual predator. Due to the resolution of the second assignment of error, this assignment is moot and we decline to address it. App.R. 12(A)(1)(c).

{¶14} Having found error prejudicial to Appellant herein, in the particular assigned and argued in the second assignment of error, we vacate the judgment of the trial court.

*Judgment Vacated*

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**