[Cite as *State v. Pete*, 2023-Ohio-4406.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SAMUEL J. PETE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MO 0002**

---

Criminal Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2020-118

**BEFORE:**
David A. D'Apolito, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Sentence Vacated.

---

*Atty. James L. Peters*, Monroe County Prosecutor, for Plaintiff-Appellee and

*Atty. Aaron M. Meikle*, for Defendant-Appellant.

Dated: December 5, 2023

**D'APOLITO, P.J.**

{¶1}   Appellant, Samuel J. Pete, appeals the judgment entry of the Monroe County Court of Common Pleas overruling his motion to vacate sentencing.  Appellant alleges in the motion the trial court was without jurisdiction to sentence him as he entered his plea to one count of aggravated trafficking in drugs (methamphetamine) in violation of R.C. 2925.03, a felony of the third degree, on April 27, 2020, but the trial court had not sentenced him due to his incarceration in federal prison as of November 21, 2022, the date the motion was filed.  For the following reasons, Appellant's sentence is vacated.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On February 20, 2020, the Grand Jury of Monroe County indicted Appellant on one count of aggravated possession of drugs in violation of R.C. 2925.11, a felony of the third degree, and one count of aggravated trafficking in drugs.  Appellant was arraigned on February 26, 2020 and released on his own recognizance.  A trial was scheduled for March 30, 2020.

{¶3}   On March 27, 2020, in response to the COVID-19 state of emergency, the Ohio Supreme Court issued an order captioned "Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court and Use of Technology." *In re Rules of Practice of Supreme Court of Ohio*, 158 Ohio St.3d 1469, 2020-Ohio-1461, 142 N.E.3d 706. The order "immediately tolled all time requirements imposed by rules promulgated by the Court set to expire between March 9, 2020, and the expiration of Executive Order 2020-01D or July 30, 2020, whichever is sooner[.]" *Id.*  Consequently, the trial was continued due to tolling order.

{¶4}   On April 27, 2020, Appellant entered a plea of guilty to one count of aggravated drug trafficking. That same day, Appellant signed a waiver of extradition hearing, in the event he failed to appear and was apprehended outside the jurisdiction of the trial court.  A bench warrant was issued on July 8, 2020, due to Appellant's failure to appear at the probation office for the preparation of a pre-sentencing investigation.

{¶5}   Twice in the ensuing months, Appellant sent correspondence to the trial court, which was copied to the prosecutor's office.

{¶6} In a letter dated September 29, 2020, Appellant explained that he did not return to court because he was involved in a traffic stop immediately after leaving the courthouse following his plea. He alleged the officer who conducted the traffic stop was the same officer who testified against him in court. Appellant further alleged that the officer told him to leave the jurisdiction, because the officer would kill Appellant if he found him in Monroe County. Appellant feared for his life and the life of his children. Appellant explained that he was currently incarcerated and requested the imposition of a concurrent sentence in the above-captioned case.

{¶7} Roughly one year later, in a letter dated September 27, 2021, Appellant requested the appointment of new counsel. Appellant explained he requested his current counsel file a number of motions, but she informed him that she made telephone calls instead. Further, Appellant explained the trial court's warrant foreclosed him from serving the remainder of his federal sentence in a halfway house. Appellant expressed his desire to "get this show on the road." In a journal entry dated September 30, 2021, the trial court held the pro se motion for new counsel in abeyance "pending sentencing."

{¶8} On December 3, 2021, defense counsel filed a request to be sentenced via remote hearing, pursuant to Crim. R. 43(A)(2). The request indicated Appellant was willing to waive his right to be physically present at the sentencing hearing, either in writing or during the hearing. The request reiterated the fact that Appellant was incarcerated in Pennsylvania. The state joined in the request in its response brief filed on December 20, 2021.

{¶9} Nonetheless, the trial court overruled the request on December 28, 2021. The entry reads, in pertinent part, "[t]his Court will impose sentence upon [Appellant] after he is finished serving the current sentence on an unrelated offense from another jurisdiction."

{¶10} The bench warrant was returned on September 2, 2022. On September 7, 2022, the trial court conducted the sentencing hearing. However, no sentence was imposed as Appellant indicated his intent to file a motion to withdraw his plea. On September 12, 2022, defense counsel filed the motion to withdraw plea.

{¶11} A hearing on the motion to withdraw plea was scheduled for October 14, 2022, then continued to October 25, 2022. On October 19, 2022, Appellant filed another

pro se motion for new counsel. At the hearing on October 25, 2022, the trial court appointed new counsel for Appellant. The hearing on the motion to withdraw plea was continued to November 21, 2022.

{¶12} On November 3, 2022, Appellant filed a pro se uncaptioned pleading. He advanced arguments invoking the Interstate Agreement on Detainers ("IAD"), codified as R.C. 2963.30. However, the IAD does not apply to detainers placed on prisoners who have already been convicted and need only to be sentenced. *State v. Brown*, 152 Ohio App.3d 8, 2003-Ohio-1218, 786 N.E.2d 492, ¶ 25 (7th Dist.).

{¶13} On November 21, 2022, newly-appointed defense counsel filed two motions: a motion to withdraw the motion to withdraw plea and the motion to vacate sentence, currently before us on appeal. The state responded to the motion to vacate sentence on November 29, 2022.

{¶14} In a judgment entry filed on December 13, 2022, the trial court overruled the motion to vacate sentence. The trial court explained it was notified in February of 2021 that Appellant was incarcerated in federal prison on a probation violation for 33 months and "Monroe County was advised to place a holder on [Appellant]." (12/13/22 J.E., p. 2.) The trial court reasoned any sentence imposed in the above-captioned case would be served consecutively to Appellant's federal sentence, pursuant to the recommendation of the probation department.

{¶15} With respect to the motion to be sentenced remotely, the trial court opined, "[t]he motion was denied * * * for several reasons, mainly that [Appellant] fled the jurisdiction of the Court after his release and failed to report to the Probation Department for the pre-sentence investigation, which had not been completed at that time." The trial court also cited technical problems with its remote or telecommunications system "making it difficult, if not impossible, to do remote pleas, let alone a sentencing." (*Id.*)

{¶16} The trial court opined the delays in sentencing "are all attributable to one source – [Appellant] himself." The trial court reasoned, "[i]n effect, [Appellant] was attempting, at his convenience and once in federal custody, to be sentenced by this Court on his terms and at times convenient to him in an attempt to have any prison sentence from this Court run concurrent to any federal time he was already serving." (*Id.* at p. 7.) The judgment entry concludes, "seeing no need to sentence [Appellant] prior to his

release, the Court ordered [Appellant] to be returned to Monroe County from federal custody after his sentence was complete, which was nine (9) months from [Appellant's] request to be sentenced remotely." (*Id.* at p. 2.)

**{¶17}** On January 5, 2023, the trial court imposed a thirty-month prison sentence. This timely appeal followed.

**ANALYSIS**

**ASSIGNMENT OF ERROR**

**[APPELLANT'S] SENTENCE IS VOID BECAUSE THE TRIAL COURT LOST JURISDICTION TO IMPOSE A SENTENCE UPON HIM DUE TO AN UNREASONABLE AND UNJUSTIFIED DELAY BETWEEN HIS APRIL 27, 2020 PLEA HEARING AND HIS JANUARY 5, 2023 SENTENCING HEARING.**

**{¶18}** Crim.R 32(A) reads, in relevant part, a "[s]entence shall be imposed without unnecessary delay." Crim.R. 32(A). The Ohio Supreme Court has held "the time of pronouncing sentence is within the discretion of the trial court and a delay for a reasonable time does not invalidate the sentence." *Neal v. Maxwell*, 175 Ohio St. 201, 201, 192 N.E.2d 782, 784 (1963). Based on the Supreme Court's pronouncement in *Neal*, Ohio appellate courts have held that a delay in sentencing must be reasonable in order to be valid * * *." *State v. Miller*, 3rd Dist. Henry No. 7-11-21, 2012-Ohio-2132, ¶ 7. See *State v. Hruby*, 6th Dist. Ottawa No. OT-10-036, 2011-Ohio-3848, ¶ 10; *State v. Brown*, 152 Ohio App.3d 8, 2003-Ohio-1218, 86 N.E.2d 492, ¶ 20 (7th Dist.); *State v. Johnson*, 12th Dist. Madison No. CA2002-07-016, 2003-Ohio-6261, ¶ 13. As such, "[a]n unreasonable delay between a plea and a sentencing, which cannot be attributed to the defendant, will invalidate that sentence." *State v. Martinez*, 6th Dist. Wood No. WD-09-068, 2010-Ohio-2007, ¶ 6, citing *Brown* at ¶ 31. *See State v. Owens*, 181 Ohio App.3d 725, 2009-Ohio-1508, 910 N.E.2d 1059, ¶ 27 (7th Dist.); *State v. Hawkins*, 8th Dist. Cuyahoga No. 94294, 2011-Ohio-74, ¶ 4.

**{¶19}** In determining whether a delay was unreasonable, appellate courts are to consider the facts of each case. *State v. Barklay*, 2nd Dist. Greene No. 95 CA 70, 1996

WL 111804, *2 (Mar. 15, 1996). Courts have examined the reasons for the delay in this analysis. *State v. Ventura*, 2016-Ohio-5151, 61 N.E.3d 189, ¶ 27 (1st Dist.); *Barklay* at *2; *Brown* at ¶ 29; *Johnson* at ¶ 16. Further, "the remedy for an unreasonable delay in sentencing is not a resentencing hearing * * *." *Owens* at ¶ 33. See *Martinez* at ¶ 6. Rather, "[t]he case law on this subject indicates that * * * the sentence must be reversed * * *." *Brown* at ¶ 30.

{¶20} In *Neal*, *supra*, ten months elapsed between the finding of guilt and the imposition of sentence. During that interval, the defendant was tried on new charges under a separate indictment in the same court. In finding the ten-month delay was reasonable, the Ohio Supreme Court opined:

> The deferring of the pronouncement of sentence on a conviction until trial is had on other indictments pending against an accused does not constitute an unreasonable delay in the pronouncement of sentence, inasmuch as the trial court may reasonably defer such sentence pending the outcome of the other trials for the purpose of determining the severity of the sentences to be imposed.

*Neal, supra*, at 202.

{¶21} In *Brown*, *supra*, the defendant pleaded guilty to charges in Columbiana County, but prior to his sentencing he was arrested and detained in Jefferson County pursuant to a request for extradition to Colorado. He was subsequently extradited to Colorado despite his request to be sentenced in Ohio prior to extradition. When Brown failed to appear in Columbiana County for his scheduled sentencing, the trial court ordered the County Sheriff to retrieve him from Colorado and issued a bench warrant for Brown's arrest. However, Brown was not returned to Ohio, and for 20 months thereafter, neither the state nor the trial court made any efforts to facilitate a sentencing hearing. Finally, over three years after he had entered his guilty plea, Brown was sentenced via video conference.

{¶22} On appeal, we vacated Brown's sentence, holding that the 20-month delay was unreasonable and divested the trial court of jurisdiction to impose the sentence.

Case No. 23 MO 0002

*Brown* at ¶ 31. We reasoned Brown's extradition was involuntary, as there was no evidence that Brown signed a waiver of extradition. Moreover, Brown asked the trial court hearing the extradition request from Colorado to facilitate his sentencing in Ohio, which never occurred.

**{¶23}** We opined:

> Obviously, if appellant had waived extradition so that the authorities in Jefferson County were forced to deliver him into the custody of officials from the state of Colorado, he would have been responsible for any subsequent effects of that decision, such as missing his sentencing hearing in Columbiana County. If appellee had evidence to support that appellant made a formal waiver of extradition and that Jefferson County had no choice but to release him into the custody of officials from Colorado, appellee should have produced this evidence in response to appellant's motion to dismiss. The record in fact reveals that appellant presented his dilemma to Judge Bruzzese in Jefferson County and asked the judge to resolve the possible sentencing problem. Clearly, then, appellant was not attempting to avoid being sentenced in Columbiana County by asking whether he could be extradited to Colorado. The evidence of record reflects that while appellant explained his situation to Judge Bruzzese, it was Judge Bruzzese who allowed appellant to be extradited without a written waiver of extradition. Therefore, the delay in sentencing caused by the extradition must be attributed to the state and cannot be attributed to appellant.

*Id.* at ¶ 23.

**{¶24}** In *Johnson, supra,* the defendant pled guilty to several felony charges, but failed to appear at his sentencing hearing. *Id.* at ¶ 2. The defendant was then arrested, charged, and convicted of unrelated offenses in Kentucky. *Id.* The defendant and his attorney wrote letters to the Ohio court notifying it of the defendant's whereabouts and requesting disposition of the case. *Id.* at ¶ 4-9. Notwithstanding such notice, the trial court failed to sentence the defendant until he was released from prison in Kentucky six years

later. *Id.* at ¶ 9. On appeal, the Twelfth District, citing *Brown*, held the six-year delay was unreasonable. *Id.* at ¶ 17.

**{¶25}** In *Martinez*, *supra*, the Sixth District analyzing *Brown* and *Johnson* noted in both cases, "the state and or the trial court were shown to have relevant, specific information of the defendants' whereabouts yet they simply failed to act on said information in a timely manner. Furthermore, the records in those cases showed the state and or the trial court had no valid excuse for their inaction." *Id.* at ¶ 16. Consequently, the Sixth District concluded the trial court's two-year delay in sentencing Martinez was unreasonable and the trial court was divested of jurisdiction to sentence him. *See also*, *State v. Edmead*, 6th Dist. Wood No. WD-21-074, 2022-Ohio-2608, ¶ 17 (two-year delay).

**{¶26}** In *State v. Owens*, *supra*, we found the 13-month period between Owens's guilty plea and the sentencing was unreasonable. The docket in that case indicated the Pennsylvania authorities refused to release Owens on June 12, 2006, and for over 13 months thereafter, neither the trial court nor the state made any attempt to sentence Owens, despite the fact that Owens waived extradition with the Pennsylvania court.

**{¶27}** The *Owens* Court recognized several methods the state and/or the trial court could have employed to sentence Owens, including video conference, formal extradition proceedings pursuant to R.C. 2963.01, or the execution of a waiver from Owens of his right to be physically present at the sentencing hearing. *Id.* at ¶ 32.

**{¶28}** The dissenting judge predicated his conclusion that the sentence was valid on the fact that Owens's location at the time of his originally scheduled sentencing hearing (in a Pennsylvania jail) was not attributable to the state. The dissent cited the rationale in *Brown* that Brown would have been responsible for the delay in his sentencing had he signed a waiver of extradition to Colorado, however no such waiver was in the record. Nonetheless, the majority held a defendant's unavailability for sentencing caused by his out-of-state incarceration was simply one factor and did not necessarily translate to a reasonable delay.

**{¶29}** Considering the totality of the circumstances, that is, (1) Ohio authorities knew Owens's whereabouts; (2) Owens waived extradition; (3) no action was taken for thirteen months; (4) Owens was jailed not far from Mahoning County; and (5) other

Case No. 23 MO 0002

methods were available to sentence Owens even absent extradition – the majority found the delay in *Owens* was unreasonable and Owens's sentence was void.

**{¶30}** In this appeal, the trial court conceded in the judgment entry overruling the motion to vacate sentence that it was aware Appellant was in federal prison in February of 2021. Even accepting the trial court's representation that it was first on notice of Appellant's whereabouts as of February of 2021, a delay of at least eighteen months occurred between that date and Appellant's originally-scheduled sentencing hearing in September of 2022. Of equal concern, we have previously rejected the trial court's explanation for the delay, that is, Appellant was solely responsible for his unavailability due to his subsequent incarceration in Pennsylvania.

**{¶31}** Neither the trial court nor the state made any effort to sentence Appellant despite the fact that both entities were aware that he was in federal prison in Pennsylvania, he signed a waiver of extradition at the plea hearing, and he requested to be sentenced remotely. The trial court cites problems with its telecommunications system, however, those problems are not attributable to Appellant. Moreover, in February of 2021, trial courts had returned to full function following the COVID tolling period and Appellant could have been extradited from Pennsylvania for sentencing.

**{¶32}** Based on the totality of the circumstances, we find Appellant's sole assignment of error has merit. Accordingly, Appellant's sentence is vacated based on the unreasonable delay between Appellant's plea and his sentencing hearing, and he cannot be resentenced. It is important to note Appellant's conviction remains valid, despite the invalidity of his sentence, *Brown, supra,* at ¶ 30.

Robb, J., concurs.

Hanni, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained. It is the final judgment and order of this Court that Appellant's conviction remains valid, however, the sentence imposed by the Court of Common Pleas of Monroe County, Ohio, is vacated and Appellant cannot be resentenced. Costs to be taxed against Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**