[Cite as *State v. Floyd*, 2024-Ohio-5057.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

MARQUESE J. FLOYD,

      Defendant-Appellant.

CASE NO. 2024-T-0033

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2010 CR 00135

**O P I N I O N**

Decided: October 21,2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Marquese J. Floyd*, pro se, PID# A641-237, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, OH 43724 (Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Marquese J. Floyd ("Floyd"), appeals the judgment of the Trumbull County Court of Common Pleas, denying his motion to vacate the sentence on his underlying conviction. For the following reasons, we affirm.

{¶2} In this appeal, Floyd is challenging the decision of the Trumbull County Court of Common Pleas denying Floyd's motion to vacate his sentence. Floyd asserts that there was an unreasonable 25-month delay between his plea and sentencing and asserts that the trial court no longer had jurisdiction to sentence him as a result. The State

contends that Floyd agreed to the delay as part of a plea agreement. We hold that the trial court's delay was not unreasonable, that Floyd's sentence is not void, that the trial court did not abuse its discretion when it denied Floyd's motion to vacate, and that Floyd's appeal is barred by the doctrine of *res judicata*.

{¶3} On March 7, 2011, Floyd entered into a plea agreement and pleaded guilty to: (Counts 1 and 2) Complicity to Involuntary Manslaughter with Firearm Specification, a first-degree felony; (Count 3) Aggravated Burglary with Firearm Specification, a first-degree felony; and (Count 4) Tampering with Evidence, a third-degree felony.

{¶4} On April 11, 2013, Floyd was sentenced to three (3) years for the Firearm Specifications, merged for purposes of sentencing. Floyd was additionally sentenced to ten (10) years on each Counts 1 and 2, running concurrently to each other but consecutive to the Firearm Specification, seven (7) years on Count 3, to run consecutively to the Firearm Specification and sentences imposed on Counts 1 and 2, and two (2) years on Count 4, to run consecutively to the Firearm Specification and the sentences imposed on Counts 1, 2, and 3. In total, Floyd was sentenced to an aggregate term of twenty-two (22) years.

{¶5} On September 20, 2013, Floyd filed a pro se motion for leave to file a delayed appeal. *State v. Floyd*, 2014-Ohio-1676 (11th Dist.). In that case, Floyd attempted to appeal the April 15, 2013 sentencing order. Floyd's request came over four months past the 30-day filing deadline set forth in App.R. 4(A). This Court dismissed that appeal, noting:

> The requirement of setting forth a valid reason for failing to perfect a timely appeal is necessary for this [C]ourt to grant leave to allow a delayed appeal. Where the movant fails to set

> forth a valid reason, this [C]ourt is "without discretion to allow a delayed appeal[.]" (Brackets original.)

*Id.* at ¶ 4, quoting *State v. Bell*, 2010-Ohio-4693. Floyd asserted that his appeal was untimely because he was " ' not fully advised of his appeal rights in open court nor in the court's sentencing journal entry * * *.' " *Id.* at ¶ 5. This Court reasoned that although Floyd's request came only four months past the filing deadline, Floyd failed to put forth a valid reason for the delay. Without a valid reason for the delay, this Court concluded that Floyd's request did not warrant a delayed appeal. *Id.* at ¶ 9.

{¶6} On January 21, 2020, more than six years from the date of Floyd's first attempt at appeal, Floyd filed a second motion for leave to file a delayed appeal. *State v. Floyd*, 2020-Ohio-1339 (11th Dist.). In this second appeal, Floyd asserted his "sole 'reason' for filing an untimely appeal is that the sentencing entry fails to comport with Crim.R. 32(B)."

{¶7} Floyd's error for review asserted that he was not informed of his appellate rights, falling under the governance of Crim.R. 32(B). This Court noted:

> The [S]tate argues that, page 2 of the sentencing entry contradicts appellant's contention where it explicitly states that he was afforded his rights under Crim.R. 32(B). Also, pages 7 and 8 of appellant's signed written plea of guilty affirmed that both his attorney and the trial court explained his right to appeal a maximum sentence, other limited appellate rights, and that any appeal must be filed within 30 days of the court's entry of the judgment. Further, page 8 of the sentencing hearing transcript of proceedings, attached to appellee's response, demonstrates that the trial court explained appellant's right to appeal, and he responded that he understood and had no questions during the hearing.
>
> A review of the written plea of guilty and the sentencing hearing transcript confirms the appellee's argument.

*Id.* at ¶ 9-10.

3

{¶8} Floyd's second appeal was dismissed, and his motion for leave to file a delayed appeal denied. This Court reasoned, for a second time, that Floyd failed to set forth a valid reason for the delay. *Id.* at ¶ 11.

{¶9} On March 21, 2024, more than four years after filing his second appeal, and eleven years after sentencing Floyd filed a motion to vacate his sentence in the trial court. In his motion, Floyd asserted that there was an unreasonable, 25-month delay from plea to sentencing. The trial court denied Floyd's motion in a judgment entry filed March 27, 2024.

{¶10} On April 22, 2024, Floyd filed the instant appeal with this Court, challenging the trial court's decision to deny his motion to vacate his sentence.

{¶11} Floyd asserts one assignment of error:

{¶12} [1.] "The trial court abused its discretion by denying vacation of Floyd's sentence."

{¶13} ' " ' An appellate court reviews the denial of a motion to vacate under an abuse of discretion standard.' " ' *Ashtabula v. Holman*, 2020-Ohio-2892, ¶ 24 (11th Dist.), quoting *Dilley v. Dilley*, 2017-Ohio-8439, ¶ 15 (11th Dist.).

{¶14} Floyd's assignment of error invokes Crim.R. 32(A) which states, a "[s]entence shall be imposed without unnecessary delay. * * *"

{¶15} Challenges to a criminal defendant's sentence must be brought on direct appeal or they are barred by *res judicata*, with the exception of a void sentence which can be challenged at any time. *State v. Gross*, 2021-Ohio-2021, ¶ 22, (11th Dist.), quoting *State v. Henderson*, 2020-Ohio-4784, ¶ 19.

4

{¶16} "A sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction of the accused." *Henderson*, 2020-Ohio-4784 at ¶ 27.

{¶17} Floyd asserts that the delay between his plea and sentencing divested the trial court jurisdiction to sentence him because the delay was unreasonable and not attributed to him. "This [C]ourt has previously found delays between conviction and sentencing to be unreasonable and unnecessary, though it has been in circumstances where there has been no reason for the delay." *State v. Habo*, 2013-Ohio-2142, ¶ 60 (11th Dist.). Ohio Courts of Appeals have held that, " ' [a]n unreasonable delay between plea and a sentencing, which cannot be attributed to the defendant, will invalidate that sentence.' " *State v. Pete*, 2023-Ohio-4406, ¶ 18 (7th Dist.), quoting *State v. Martinez*, 2010-Ohio-2007, ¶ 6 (6th Dist.).

{¶18} Floyd's signed plea agreement indicates that he agreed to the delay:

> My attorney has advised me that I may only be able to appeal the imposition of a maximum sentence or other procedural issues regarding this plea. I also understand my other limited appellate rights that have been explained to me by the Court, and that I must file an appeal within thirty (30) days of my sentence. * * * The Defendant further agrees to defer sentencing and hereby waives all speedy trial time until the completion of all other cases involving the crimes that occurred on November 15, 2009.

{¶19} The First District has addressed delayed sentencing:

> In addressing delayed-sentencing claims under Crim.R. 32(A), Ohio appellate courts have looked to the Ohio Supreme Court's opinion in *Neal v. Maxwell*, 175 Ohio St. 201, 192 N.E.2d 782 (1963). In *Neal*, the Ohio Supreme Court stated that, 'the time of pronouncing sentence is within the discretion of the trial court, and a delay for a reasonable time does not invalidate the sentence.' Ohio appellate courts have taken this statement in *Neal* and inferred that while a

5

reasonable delay does not invalidate a sentence, an unreasonable delay in sentencing can invalidate a defendant's sentence. *See State v. Brown*, 152 Ohio App.3d 8, 2023-Ohio-1218, 786 N.E.2d 492, ¶ 20 (7th Dist.). These appellate courts have 'uniformly concluded that any delay in sentencing must be reasonable in order to be valid.' *Id.* Where there has been an unreasonable delay in sentencing, Ohio appellate courts have concluded that the trial court has no jurisdiction to sentence the defendant. *Id.* at ¶ 31; see also *Willoughby v. Lukehart* 39 Ohio App.3d 74, 76, 529 N.E.2d 206 (1987) (holding that an unjustified lengthy delay of 12 months between the jury's finding of guilt and defendant's sentence deprived the trial court jurisdiction to impose a sentence.)

*State v. Ventura*, 2016-Ohio-5151, ¶ 23 (1st Dist.).

**{¶20}** While no Ohio case appears to directly address the issue of whether a delay is reasonable where the defendant agreed to the delay through a plea agreement to obtain the benefit of that agreement, the Sixth Circuit Court of Appeals has held that there is no unreasonable delay between plea and sentencing where the defendant was expected to testify against his co-defendants. *Welsh v. U.S.*, 348 F.2d 885, 887 (1965).

**{¶21}** Floyd agreed to the delay of his sentencing as a part of his plea agreement to obtain the benefit of that plea agreement. The fact that the trial court, in its discretion, then chose to follow through with the agreed upon deferred sentencing does not constitute an unreasonable delay. We agree with the logic of the Sixth Circuit and hold that where a defendant agrees to delayed sentencing as a part of a plea agreement, to obtain the benefit of that agreement, a delay in sentencing is not unreasonable, and therefore not void. Because the trial court did not act unreasonably when it sentenced Floyd, his sentence was not invalidated by the trial court's delay in sentencing. As it should follow, because Floyd's sentence is valid and not void, his Crim.R. 32 claim should have been raised on direct appeal. The trial court properly denied Floyd's motion to vacate

6

Case No. 2024-T-0033

his sentence, and did not abuse its discretion. Further, Floyd failed to assert his claim on direct appeal and is now barred by the doctrine of *res judicata*. *Gross*, 2021-Ohio-3289, ¶ 22.

{¶22} Floyd's sole assignment of error is without merit.

{¶23} For the foregoing reasons, we affirm the decision of the Trumbull County Court of Common Pleas.

EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.

7