[Cite as *State v. Redmond*, 2026-Ohio-1348.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 24CA42 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| KEVIN A. REDMOND, | : | |
| | : | **RE-RELEASED: 06/11/2026[1]** |
| | : | |
| Defendant-Appellant. | : | |

<u>APPEARANCES:</u>

Max Hersch, Assistant Ohio Public Defender, Columbus, Ohio, for appellant.

Jeffery C. Marks, Ross County Prosecuting Attorney, and Alisa Turner, Ross County Assistant Prosecutor, for appellee.

Wilkin, J.

{¶1} This is an appeal of a Ross County Court of Common Pleas judgment entry in which Kevin A. Redmond ("Redmond") pleaded guilty to two counts of aggravated possession of drugs, possession of a fentanyl-related compound, and possession of cocaine. On appeal, Redmond asserts that the trial court erred in denying his motion challenging the court's jurisdiction to impose a sentence.

---

[1] Paragraphs 39 and 40 of this decision were revised pursuant to an entry granting a motion for reconsideration filed on April 13, 2026, by Redmond. In that motion, Redmond expressed concern that this court's prior language could be read as imposing a duty on him to seek prompt sentencing. These paragraphs are incorporated from the entry granting his motion for reconsideration of his appeal, which is intended to clarify that this court was not imposing any duty upon Redmond to seek sentencing.

{¶2} Having reviewed the parties' arguments, the law, and the facts, we conclude that the trial court had jurisdiction to sentence Redmond and did not err in denying his motion to vacate the sentence. Therefore, we affirm the trial court's judgment.

BACKGROUND

{¶3} On September 16, 2022, a Ross County Grand Jury indicted Redmond on two counts of aggravated possession of drugs in violation of R.C. 2925.11, third and fifth-degree felonies; possession of a fentanyl-related compound in violation of R.C. 2925.11, a fourth-degree felony; and possession of cocaine in violation of R.C. 2925.11, a fifth-degree felony ("Ross County drug offenses").

{¶4} On September 8, 2022, Redmond pleaded not guilty to the Ross County drug charges and was released on his own recognizance.

{¶5} On December 2, 2022, a motion to suppress hearing was held regarding the Ross County drug offenses, to which Redmond arrived late. Redmond also tested positive for drugs and was otherwise non-compliant with his pretrial supervision because he had not been calling in weekly. Thus, the court raised his bond and remanded Redmond to jail.

{¶6} On December 19, 2022, Redmond pleaded guilty to the Ross County drug indictment as charged. The court ordered a presentence investigation and set his sentencing hearing for February 6, 2023. The court then remanded Redmond to Pickaway County where criminal charges were pending against him.

**{¶7}** Redmond failed to appear at the February 6, 2023 sentencing hearing for the guilty plea for the Ross County drug offenses.  Consequently, the court issued a warrant for his arrest and placed his case on the court's inactive docket.

**{¶8}** In January 2024, Redmond pleaded guilty in Franklin County to criminal charges in case nos. 22CR342, 22CR5593, 23CR5292.  The court sentenced Redmond to an aggregate two-to-three-year prison term for these offenses.  On January 30, 2024, Redmond was remanded to the Madison County Correctional Facility to begin serving that sentence.

**{¶9}** Eventually, the Ross County Court of Common Pleas discovered Redmond's whereabouts and on October 17, 2024, ordered him to be transferred from prison to court for sentencing on the Ross County drug offenses on November 8, 2024.

**{¶10}** At Redmond's sentencing hearing, his counsel moved to dismiss Redmond's conviction pursuant to R.C. 2941.401.[2]  Counsel stated that he believed that R.C. 2941.401 "governs when cases that are pending when a person is serving time in a state correctional facility."  The court responded that it believed that R.C. 2941.401 permitted an incarcerated offender to seek a disposition for an *untried* indictment.  Therefore, the court opined that R.C. 2941.401 did not apply because sentencing was the issue in this case.  Redmond's counsel agreed but noted that Redmond's sentence was still pending.

---

[2] Acting pro se, Redmond had previously filed with the court seeking relief under R.C. 2941.401, which was still pending at his sentencing.

**{¶11}** The court then informed Redmond's counsel that he was "going to need to make for the record when you said [the warden] provided the notice to the prosecutor and when it was provided[.]"  Redmond's counsel responded:

> Yes, uh, I know that the documents that I was provided today was dated February six.  I don't know if that was the date that it was provided to the prosecutor's office by the prison by the warden, um but I don't I do not believe the the warden provided a copy of this to the court or myself, but my understanding is that the prosecutor's office did at some point in February of this year get this notice.

The court stated: "Well, it's – should be accompanied by a certificate from the warden stating the term of commitment under which he is held and the time served the remaining time, did, was any of that complied with?  Do you have the certificate from the warden?"

**{¶12}** Counsel submitted two documents to the court, which were titled: Notice of Untried Indictments, Information or Complaint and Rights to Request Disposition" and "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints[.]"  Both documents referenced Redmond's aggravated possession of drugs to which he pleaded guilty herein.

**{¶13}** Counsel then commented:

> I know there has been some case law on this issue, I believe there, the standard is if the inmate has substantially complied  with his portion of it which I believe is if he contacts the warden provides the necessary information to the warden, if the warden then fails to follow the direction of the statute, I think that, that is held against the State and not the, not the person incarcerated.

**{¶14}** The court responded: "None of this shows any compliance, but you can have it back.  All of this is referring to the speedy trial portion of this.  The

trial occurred.  That's the guilty plea. I don't see anything in this, in this section or in any of the annotations that indicates that I am reading this wrong.  We're going to go straight to disposition."

{¶15} The court imposed four one-year prison terms to be served concurrently with each other, but consecutive to the prison term he was serving for the Franklin County offenses.

{¶16} Citing Crim.R. 32(A) and *Neal v. Maxwell*, 175 Ohio St. 201 (1963), Redmond filed a motion alleging that the trial court lacked jurisdiction to sentence him because the delay between when he was "available" to be sentenced and his sentencing was unreasonable.  Therefore, he moved the court to dismiss his sentence.  The court denied the motion by entry without comment.

{¶17} Redmond now appeals his sentence to this court.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DENIED KEVIN REDMOND'S MOTION CHALLENGING ITS JURISDICTION TO IMPOSE A SENTENCE. NOV. 21, 2024 ENTRY; CRIM.R.32(A); NEAL V. MAXWELL, 175 OHIO ST. 201 (1963).

{¶18} Redmond claims that the delay between the time he was "available" to be sentenced, which he claims was when he was incarcerated on January 30, 2024, until November 8, 2024, when he was sentenced, resulted in an unreasonable eight-and-one-half-month delay in his sentencing.  Redmond cites Crim.R. 32(A), which states: that a "[s]entence shall be imposed without unnecessary delay."  He also cites *Neal*, which states that "the time for pronouncing sentence is within the discretion of the court, and a delay for a reasonable time does not invalidate the sentence." 175 Ohio St. 201, 202 (1963).

Quoting *State v. Ventura,* Redmond claims that " 'Ohio appellate courts have taken this statement in *Neal* and inferred that while a reasonable delay does not invalidate a sentence, an unreasonable delay in sentencing can invalidate a defendant's sentence.' " 2016-Ohio-5151, ¶ 23 (1st Dist.).

**{¶19}** Redmond claims that whether a delay deprives a court of jurisdiction to sentence a defendant depends on the facts of each case. Redmond cites cases with sentencing delays ranging from months to years, suggesting that courts not only examine the length of the delay, but the reasons behind the delay.

**{¶20}** Redmond argues that the record in this case fails to reveal a valid justification for the eight-and-one-half-month delay in his sentencing. Even examining the record most favorably to the State, Redmond claims there was, at a minimum, an eight-month delay from when the State knew he was available for sentencing and when the court summoned him for sentencing. Redmond maintains that during his sentencing hearing, his counsel informed the court that he had given his warden written notice requesting a disposition for the Ross County drug offenses, which was sent to the prosecutor's office "at some point in February of this year." The State did not object to this assertion; thus, Redmond argues it should be deemed admitted.

**{¶21}** Redmond claims that the court did not act to sentence him until it sua sponte issued an order on October 17, 2024, directing that he be transported for sentencing in November of 2024. Redmond maintains that cases have held that a 6 to 12-month delay between a plea and sentencing is unreasonable

without justification, potentially depriving the court of jurisdiction to impose a sentence.

{¶22} Under these circumstances, Redmond claims that the eight-and-one-half-month delay in his sentencing was unreasonable. Therefore, he asserts that the court lacked jurisdiction to sentence him, and the trial court's judgment should be reversed, vacating his sentence.

{¶23} In response, the State first argues that because the Supreme Court in *Maxwell* held "that the time of pronouncing sentence is within the discretion of the court, and a delay for a reasonable time does not invalidate the sentence[,]" that our standard of review is whether the trial court abused its discretion in failing to impose a sentence in reasonable time.

{¶24} The State's analysis maintains that there was a 704-day delay from the date that Redmond pleaded guilty (December 19, 2022) until he was sentenced (November 21, 2024).

{¶25} The State first argues that the 704-day delay was not unreasonable because a majority of the delay was attributable to Redmond. The State maintains that Redmond willfully failed to appear for sentencing on February 6, 2023, triggering a warrant that remained active until November 8, 2024, while he continued committing felony drug offenses. Thus, the State maintains that because Redmond was responsible for the majority of the delay, it was not unreasonable.

{¶26} Alternatively, the State claims that Redmond "acquiesced" to the delay that he seeks to attribute to the State. The State claims that Redmond

wanted a delay from February 12, 2024 to October 17, 2024.  The State claims

Redmond filed a motion under R.C. 2941.401, which in part states:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, the prisoner shall be brought to trial within one hundred eighty days after the prisoner causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending.

The State claims that Redmond was anticipating that the 180-day period would run

before he was sentenced.

**{¶27}** The State also claims that the court acted promptly to sentence

Redmond once his location was known to the court.

**{¶28}** Finally, the State argues that the delay was not unreasonable

because Redmond was not prejudiced by the delay.  Redmond was in prison

during the delay and was destined to remain there serving his Franklin County

sentences until October 2025.  There was no basis for believing that Redmond

would get a lesser sentence if he was sentenced sooner.

LAW

**{¶29}** In relevant part, Ohio Criminal Rule 32(A) provides that a

"[s]entence shall be imposed without unnecessary delay."  In *Neal v. Maxwell*,

the Supreme court stated that "it is well established that the time of pronouncing

sentence is within the discretion of the trial court, and a delay for a reasonable

time does not invalidate the sentence"  175 Ohio St. 201, 202 (1963).  "Based on

the Supreme Court's pronouncement in *Neal*, Ohio 'appellate courts have held

that a delay in sentencing must be reasonable in order to be valid . . . ' "

(Ellipses original.). *State v. Pete*, 2023-Ohio-4406, ¶ 18 (7th Dist.), quoting *State v. Miller*, 2012-Ohio-2132, ¶ 7 (3rd Dist.); *See State v. Hruby*, 2011-Ohio-3848, ¶ 10 (6th Dist.); *State v. Brown*, 2003-Ohio-1218 (7th Dist.); *State v. Johnson*, 2003-Ohio-6261, ¶ 13 (12th Dist.). Therefore, " '[a]n unreasonable delay between a plea and a sentencing, which cannot be attributed to the defendant, will invalidate that sentence.' " *Id*., quoting State *v. Martinez*, 2010-Ohio-2007, ¶ 6 (6th Dist.), citing *Brown* at ¶ 31. *See State v. Owens*, 2009-Ohio-1508, ¶ 27 (7th Dist.); *State v. Hawkins*, 2011-Ohio-74, ¶ 4 (8th Dist.). However, when delays are attributable to the defendant's own conduct, such as failure to appear at sentencing, courts have found the delays reasonable and upheld jurisdiction. *See Martinez* at ¶ 17.

**{¶30}** Courts determine whether a delay is unreasonable by considering the facts of each case. *Pete* at ¶ 19, citing *State v. Barklay*, 1996 WL 111804, *2 (2d Dist. Mar. 15, 1996). "Courts have examined the reasons for the delay in this analysis." *Id*., citing *State v. Ventura*, 2016-Ohio-5151 (1st Dist.); *Barklay* at *2; *Brown* at ¶ 29; *Johnson* at ¶ 16.

**{¶31}** "Where there has been an unreasonable delay in sentencing, Ohio appellate courts have concluded that the trial court has no jurisdiction to sentence the defendant." *State v. Floyd*, 2024-Ohio-5057, ¶ 19 (11th Dist.), citing *Brown* at ¶ 31. Thus, "the remedy for an unreasonable delay in sentencing is not a resentencing hearing; rather, it is the vacation of the sentence." *Owens*, at ¶ 33 (7th Dist.), citing *Brown* at ¶ 31; *Johnson,* 2003-Ohio-6261 at ¶ 18).

ANALYSIS

{¶32} Redmond's own recitation of the facts repeatedly acknowledges that the initial delay in the sentencing process was caused by his conduct—specifically, his failure to appear for his original sentencing hearing, which led to the issuance of a bench warrant on February 10, 2023. Redmond was, by his own admission, at fault for this substantial initial period of delay, as he did not appear and was subsequently indicted on new criminal charges in other jurisdictions. Prior to January 30, 2024, Redmond remained at-large, facing active warrants and allegedly continued to commit new criminal offenses.

{¶33} Redmond now claims that the delay between the time he became available for sentencing (January 30, 2024) until November 8, 2024, when he was sentenced, resulted in an unreasonable eight-and-one-half-month delay. Redmond claimed that he provided two documents pursuant to R.C. 2941.401 in February of 2024, requesting final disposition of his case and, thus, making the State aware of his location. Because the State was aware of his location and his request for disposition, Redmond argues that any failure to sentence him from that point forward was no longer attributable to him. Therefore, the question before us is whether the single notices allegedly provided by Redmond pursuant to R.C. 2941.401 in February of 2024 effectively relieved him of any attribution of the delay in sentencing.

{¶34} R.C. 2941.401 states:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any *untried indictment* . . . against the prisoner, the prisoner shall be brought to trial within one hundred eighty days after the prisoner causes to be delivered to the prosecuting attorney and

the appropriate court in which the matter is pending, written notice of the place of the prisoner's imprisonment and a request for a final disposition to be made of the matter . . . The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

The *written notice and request for final disposition shall be given or sent by the prisoner to the warden* or superintendent having custody of the prisoner, *who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt* requested. . .

The warden or superintendent having custody of the prisoner shall promptly inform the prisoner in writing of the source and contents of any untried indictment, information, or complaint against the prisoner, concerning which the warden or superintendent has knowledge, and of the prisoner's right to make a request for final disposition thereof.

(Emphasis added).

**{¶35}** The Supreme Court has recognized that "R.C. 2941.401 delineates how an Ohio prisoner is to enforce his constitutional right to a *speedy trial* on an *untried indictment*." *State v. Williams*, 2023-Ohio-3647, ¶ 1. Redmond had no pending, untried indictment in Ross County, Ohio. He had no speedy trial rights that he was trying to enforce. Redmond had already pleaded guilty to the drug charges at issue herein. He was awaiting sentencing. Therefore, we agree with the trial court, that R.C. 2941.401 had no application in his case.

**{¶36}** We also find that Redmond's ill-fated attempt to request a disposition under R.C. 2941.401 failed to put either the Ross County Prosecutor or the Ross County Court of Common Pleas on notice of his availability to be

sentenced for his underlying guilty plea.  Redmond's counsel admitted at the sentencing hearing herein that he did not believe that the warden informed him or the trial court of his client's request for a disposition.

{¶37} At his sentencing hearing, Redmond did submit to the trial court what appeared to be the documents required under R.C. 2941.401.  However, he never testified or offered to testify that he had submitted a written request to the warden for a disposition in his Ross County drug offense case.  Redmond also offered no testimony or an affidavit from the warden indicating that the warden received a written request from Redmond seeking a disposition, or if he did that he forwarded any such request to the Ross County Prosecutor or the Ross County Court of Common Pleas.  *See* R.C. 2941.401.  And unless there was an agreement authorizing an alternative method, which we are not aware of, the written request and certificate were required to be sent to the prosecutor and the court by "registered or certified mail, return receipt requested."  Redmond has offered no return receipt that would indicate these documents were delivered to the prosector or the court.

{¶38} The only evidence supporting that anyone received notice of a request from Redmond for a disposition, is his counsel's statement at sentencing that he "believe[d] that the notice was provided to the prosecutor's office[.]"  In light of all the aforementioned, we find that lone statement is insufficient to determine that the prosecutor or the State had been notified that Redmond was available to be sentenced because he was incarcerated, and "the prosecutor

ha[d] no reason to seek out appellant in the state penal system." *Martinez*, 2010-Ohio-2007, at ¶ 17 (6th Dist.).

**{¶39}** Redmond failed to appear for his sentencing hearing on February 6, 2023, for the Ross County drug offenses.  However, contrary to his assertion herein, this court imposed no duty upon Redmond to seek prompt sentencing.  Rather, it was Redmond who alleged in his appeal that he was "available" for sentencing when he provided written notice to the warden requesting final disposition of the Ross County case under R.C. 2941.401, but this notice—or its receipt by the prosecution—remained ambiguous and was not formally asserted until the November 8, 2024, hearing.  Aside from Redmond's own efforts, nothing in the record indicates the State or the trial court knew his whereabouts until shortly before sentencing in November of 2024.  Similar to the Sixth District's opinion in *State v. Martinez*, after Redmond failed to appear for sentencing, there was no evidence the court or prosecutor had notice of his whereabouts until just before sentencing, so the delay was attributed to him rather than the court or the prosecutor.  *See* 2010-Ohio-1348, ¶ 17 (6th Dist.).

**{¶40}** Thus, given the totality of the circumstances, we conclude that the trial court's decision to deny Redmond's motion to vacate his sentence was justified, as the delay was attributable to his own conduct**.**  Consequently, the delay until November 8, 2024, was reasonable, so the Ross County Court of Common Pleas retained jurisdiction to sentence him.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.  Further, all pending motions are dismissed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**